UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DUSTIN JOSEPH, | No. 1:25-cv-00800 JLT SKO (HC) |
| Petitioner, | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS (Doc. 11) |
| v. | |
| WARDEN, FCI-MENDOTA, | ORDER DENYING MOTION TO DISMISS (Doc. 9), GRANTING PETITION FOR WRIT OF HABEAS CORPUS, AND DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND CLOSE CASE |
| Respondent. | |
| | [NO CERTIFICATE OF APPEALABILITY IS REQUIRED] |

Dustin Joseph is a federal prisoner proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On November 14, 2025, the assigned Magistrate Judge issued Findings and Recommendations to deny Respondent's motion to dismiss and grant the petition on its merits. (Docs. 9, 11.) The Court served the Findings and Recommendations on all parties and notified them that any objections were due within 21 days. (Doc. 11.) The Court advised the parties that the "failure to file objections within the specified time may result in the waiver of rights on appeal." (*Id*., citing *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014).) No party has

1

filed objections, and the time to do so has passed.

According to 28 U.S.C. § 636(b)(1)(C), this Court has performed a *de novo* review of this case.  The Court adopts the magistrate judge's recommendations to reach the merits of the petition, deny respondent's motion, grant the petition, and direct respondent to "recalculate Petitioner's sentence using December 21, 2023, as the correct start date on which Petitioner became eligible to earn FSA [First Step Act] credits."  As the magistrate judge explains in the findings and recommendations, 28 C.F.R. § 523.42(a) "conflicts with the plain language of 18 U.S.C. § 3362(d)(4)(B) and 3585(a)" by effectively precluding inmates from becoming "eligible" to earn FSA credits when their sentence "commences" under the definition Congress enacted.  (Doc. 11 at 5.)  Respondent does not argue otherwise, and other courts have concluded similarly.  *See, e.g.*, *Sharma v. Peters*, 756 F. Supp. 3d 1271, 1282 (M.D. Ala. 2024) (collecting authority and concluding that § 523.42(a) "adds a layer of eligibility not found in the statute" and thus "conflicts with its express language").

The Court need not and does not consider, however, whether the regulation in question is entitled to any form of deference under *Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984), which the Supreme Court overruled in *Loper Bright Enterprises v. Raimondo*, 603 U.S. 369, 412 (2024).  (*Cf.* Doc. 11 at 6–7 (considering whether regulatory provision in question is entitled to "*Chevron* deference").)  The issue here is "legal interpretation" of a statute, which is "the province and duty of the judicial department."  *Loper Bright*, 603 U.S. at 412 (citations and quotation marks omitted)).  The Court also expresses no view on whether Petitioner has in fact "successfully completed evidence-based recidivism programming or productive activities" under the FSA or was "successfully participating in" programming and activities under the applicable regulations at any particular time after he became "eligible."

In the event a notice of appeal is filed, a certificate of appealability will not be required because this is not a final order in a habeas proceeding in which the detention complained of arises out of process issued by a state court.  *Forde v. U.S. Parole Commission*, 114 F.3d 878 (9th Cir. 1997); *see Ojo v. INS*, 106 F.3d 680, 681-682 (5th Cir. 1997); *Bradshaw v. Story*, 86 F.3d

164, 166 (10th Cir. 1996). Based upon the foregoing, the Court **ORDERS**:

    1.    The Findings and Recommendations issued on November 14, 2025, (Doc. 11), are **ADOPTED** in part as explained above.

    2.    Respondent's motion to dismiss (Doc. 9), is **DENIED**.

    3.    The petition for writ of habeas corpus is **GRANTED**.

    4.    Respondent is **DIRECTED** to recalculate Petitioner's sentence using December 21, 2023, as the correct start date on which Petitioner became eligible to earn FSA credits.

    5.    The Clerk of Court is directed to enter judgment and close the case.

    6.    In the event a notice of appeal is filed, no certificate of appealability is required.

This order terminates the action in its entirety.

IT IS SO ORDERED.

Dated:   **January 14, 2026**

UNITED STATES DISTRICT JUDGE